IRA BANKS and VERNA BANKS,

                    Plaintiffs,

       v.                                Case No. 2:20-cv-01437-JPS

U.S. BANK TRUST ASSOCIATION, JAN DOE, JOHN DOE, THE LAW OFFICE OF BEATRICE GARRETT, BEST CARE PROPERTY MANAGEMENT, LATOYA JAMES, DWAYNE TURNER, PALMERHOUSE PROPERTIES REALTY, GREY & END LLP, CITI FINANCIAL MORTGAGE COMPANY, BAY VIEW LOAN SERVICING LLC, MILWAUKEE COMMON COUNCIL MEMBERS, MILELE COGGS, MILWAUKEE COUNTRY OFFICE OF THE SHERIFF, CIT OF MILWAUKEE POLICE DEPT. DISTRICT ONE, OFFICER McINNES, OFFICER GRANBONSKI, CITY OF MILWAUKEE DEPT. OF TRANSPORTATION, and ERIKA LEWIS,                  Hon. Judge J.P. Stadtmueller

                    Defendants.

## DEFENDANT CITIFINANCIAL'S MOTION TO DISMISS

    Defendant CitiFinancial Mortgage Company, Inc. ("CitiFinancial")[1], by and through its attorneys, Dykema Gossett PLLC, brings this Motion to Dismiss with prejudice the claims filed against it by Plaintiffs pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) due to Plaintiffs' failure

---

[1] Plaintiffs name "CitiFinancial Mortgage" as the defendant, however, CitiMortgage, Inc. is the successor by merger to CitiFinancial Mortgage.

to state a claim upon which relief can be granted, and due to Plaintiffs' apparent attempt to use this litigation to challenge prior proceedings that occurred in other courts.

In support of its motion, CitiFinancial relies upon the accompanying Brief in Support.

Dated:  February 12, 2021	Respectfully Submitted,

**DYKEMA GOSSETT PLLC**

*/s/ John F. Rhoades*_____
John F. Rhoades (1101196)
*Attorneys for CitiFinancial*
400 Renaissance Center, 37th Floor
Detroit, MI 48243
(313) 568-6628
jrhoades@dykema.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

IRA BANKS and VERNA BANKS,

        Plaintiffs,

v.

U.S. BANK TRUST ASSOCIATION, JAN DOE, JOHN DOE, THE LAW OFFICE OF BEATRICE GARRETT, BEST CARE PROPERTY MANAGEMENT, LATOYA JAMES, DWAYNE TURNER, PALMERHOUSE PROPERTIES REALTY, GREY & END LLP, CITI FINANCIAL MORTGAGE COMPANY, BAY VIEW LOAN SERVICING LLC, MILWAUKEE COMMON COUNCIL MEMBERS, MILELE COGGS, MILWAUKEE COUNTRY OFFICE OF THE SHERIFF, CIT OF MILWAUKEE POLICE DEPT. DISTRICT ONE, OFFICER McINNES, OFFICER GRANBONSKI, CITY OF MILWAUKEE DEPT. OF TRANSPORTATION, and ERIKA LEWIS,

        Defendants.

Case No. 2:20-cv-01437-JPS

Hon. Judge J.P. Stadtmueller

---

## **DEFENDANT CITIFINANCIAL'S BRIEF IN SUPPORT OF MOTION TO DISMISS**

It is unclear why CitiFinancial Mortgage Company, Inc. ("CitiFinancial")[1] has been named as a defendant in this litigation, as Plaintiffs' own exhibits illustrate that CitiFinancial has not had any involvement with the loan at issue in this matter for seven years. Regardless, Plaintiffs' claims against CitiFinancial should be dismissed because: 1) although Plaintiffs identify CitiFinancial as

---

[1] Plaintiffs name "CitiFinancial Mortgage" as the defendant, however, CitiMortgage, Inc. is the successor by merger to CitiFinancial Mortgage.

a defendant, Plaintiffs do not actually plead any claims against it; 2) at best, Plaintiffs may be seeking to use this litigation to challenge a 13-year-old Wisconsin State Court proceeding involving CitiFinancial, or possibly unidentified bankruptcy proceedings; and 3) if Plaintiffs are alleging CitiFinancial committed some sort of error with respect to Plaintiffs' loan when it was service-transferred seven years ago, such claims are time-barred.

This matter ultimately appears to concern a 2018 foreclosure proceeding, brought by parties other than CitiFinancial, and the aftermath of those proceedings including various efforts at eviction by other parties. It is undisputed that CitiFinancial was not involved in any of this and has had nothing to do with the loan at issue since 2013. CitiFinancial's Motion to Dismiss should be granted.

## **PLAINTIFFS' ALLEGATIONS**

This matter appears to concern a mortgage loan obtained by Verna Banks and non-party Johnny Banks in October of 2001. (Plaintiffs' Ex. 2(a).) As noted in Plaintiffs' exhibits, CitiFinancial previously was the servicer of the underlying mortgage loan – but stopped servicing the loan in October of 2013 when the loan was service-transferred to co-defendant Bayview. (Plaintiffs' Ex. 6.) It is undisputed that CitiFinancial has had no involvement with this loan or property since that time. (*Id.*)

It appears from Plaintiffs' complaint and exhibits that in 2018 the loan was eventually foreclosed upon by U.S. Bank, N.A., the real property was sold, and that the new owner subsequently moved to evict the Plaintiffs.

Plaintiffs filed this litigation, making the following allegations as to CitiFinancial:

- CitiFinancial initiated a foreclosure proceeding in 2007 in Milwaukee County Circuit Court, Case No. 07cv000532;

- Unidentified issues involving this prior foreclosure litigation were resolved in

2

- unidentified bankruptcy matters purportedly filed by Verna Banks and Johnny Banks; and

- Plaintiffs contacted co-Defendant Bayview in May of 2014 regarding the application of payments after the loan was service-transferred away from CitiFinancial.

(Compl. ¶ 6.) Plaintiffs' complaint then proceeds to list various "Claim[s] for Relief," seeking damages and relief from U.S. Bank Trust, attorney Beatrice Garrett, the "government" related to a search and seizure, the Milwaukee City Council, and various other non-CitiFinancial defendants relating to apparent trespasses and COVID-19 exposure in 2020. (Compl. pp. 6-7.) Plaintiffs do not seek any relief as against CitiFinancial.

CitiFinancial now moves to dismiss the complaint against it.

## STANDARD OF DECISION

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead sufficient factual allegations, "accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citations omitted). A properly pleaded complaint requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 677.

A Rule 12(b)(6) motion tests the sufficiency of a plaintiff's pleading. Rule 12(b)(6) requires that a complaint "contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation omitted). A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* A plaintiff is required to include allegations in

3

the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level' and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007), quoting in part, *Twombly*, 550 U.S. at 555. That Plaintiffs are proceeding pro se does not change this result – although this court may liberally construe their allegations, "pro se litigants are not entitled to a general dispensation from the rules of procedure." *Smith v. Encore Capital Grp., Inc.*, 966 F. Supp. 2d 817, 821 (E.D. Wis. 2013) (citing *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994)).

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction. For purposes of a motion to dismiss under Rule 12(b)(1), the district court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor." *Vargas v. Beth*, 378 F. Supp. 3d 716, 720 (2019). "[T]he court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter exists." *Id.* (internal quotations omitted).

## ARGUMENT

### I. PLAINTIFFS HAVE NOT ALLEGED ANY CLAIMS AGAINST CITIFINANCIAL.

As a threshold matter, CitiFinancial should be dismissed from this litigation because Plaintiffs have not actually alleged any claims against it. Plaintiffs make passing reference to a 2007 foreclosure lawsuit and to the 2013 service-transfer to Bayview – but when Plaintiffs list their various Claims for Relief, CitiFinancial is not mentioned at all. Nowhere do Plaintiffs indicate: a) what CitiFinancial purportedly did that was improper; b) how or why these unidentified acts were improper; c) what claim or cause of action is being alleged against CitiFinancial; d) why that cause of action is applicable to CitiFinancial here; and e) how Plaintiffs were damaged by

4

CitiFinancial.

In short, this appears to be an action designed to challenge a 2018 foreclosure by U.S. Bank and the subsequent eviction proceedings filed by the property's new owner. None of this has anything to do with CitiFinancial, Plaintiffs do not allege it has anything to do with CitiFinancial, and Plaintiffs do not make any effort to connect it to CitiFinancial in any way. As such, Plaintiffs' allegations are not even "unadorned, the-defendant-unlawfully-harmed-me accusation[s]," let alone plausible claims sufficient to survive a challenge under Rule 12(b)(6). *See Iqbal*, 556 U.S. at 677. CitiFinancial's Motion to Dismiss should be granted.

## II. PLAINTIFFS' CLAIMS CONCERNING THE 2007 FORECLOSURE PROCEEDING AND THE PRIOR BANKRUPTCIES CANNOT PROCEED IN THIS COURT.

At best, Plaintiffs appear to be raising some sort of issue regarding a foreclosure action filed by CitiFinancial back in 2007, along with something related to various unidentified bankruptcy filings. Whatever these claims are intended to be, they cannot proceed in this Court. To the extent Plaintiffs seek to have this Court substitute its judgment for that of the state court in the 2007 foreclosure matter,[2] this Court is precluded by doing so under the Rooker-Feldman doctrine. Under the Rooker-Feldman doctrine, the following class of cases cannot proceed in a Federal District Court: "cases brought by state-court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Under this doctrine, parties such as Plaintiffs cannot turn to a federal district court seeking to invalidate completed state court foreclosure proceedings. *See Crawford*

---

[2] Although CitiFinancial was not involved in the 2018 foreclosure, CitiFinancial notes that the Rooker-Feldman doctrine also precludes Plaintiffs' efforts to challenge the outcome of that matter in this Court as well.

5

*v. Countrywide Home Loans, Inc.*, 647 F.3d 642, 646 (7th Cir. 2011) (claims challenging state-court foreclosure and eviction precluded by *Rooker-Feldman*, and thus the district court properly concluded it lack jurisdiction over such claims).

Similarly, although Plaintiffs do not identify: a) the bankruptcy matters they reference in their complaint; or b) what issues, if any, Plaintiffs have concerning the resolution of those matters, to the extent Plaintiffs seek to challenge some aspect of those proceedings in this Court, this would be an improper collateral attack. *See In re Kontrick*, 295 F.3d 724, 732 (7th Cir. 2002) (bankruptcy orders are not subject to collateral attack). Plaintiffs' claims concerning the prior bankruptcies – whatever those might be – should be dismissed.

## III. ANY OTHER CLAIMS AGAINST CITIFINANCIAL ARE TIME-BARRED.

Although Plaintiffs do not expressly raise any claims against CitiFinancial, to the extent Plaintiffs are attempting to suggest that CitiFinancial committed some sort of error involving the allocation of payments in Plaintiffs' account, such a claim should be dismissed because it is precluded by the applicable statutes of limitations. It is undisputed that CitiFinancial has not serviced this mortgage since October of 2013, which was almost seven years before Plaintiffs filed this complaint in September of 2020. (Plaintiffs' Ex. 6.) Plaintiffs' claim – to the extent they even intend to bring one – appears to arise under contract, and thus is subject to the six year limitation period found in Wis. Stat. § 893.43(1). Further, to the extent Plaintiffs intend to bring some form of claim relating to the servicing of the loan under the Real Estate Settlement Procedures Act ("RESPA"), such claims are subject to 1 and 3-year limitation periods. *See* 12 U.S.C. § 2614. Either way, Plaintiffs do not have any viable claims against CitiFinancial.

## CONCLUSION

CitiFinancial respectfully requests that this Court grant its Motion to Dismiss under Rule 12(b)(6) and 12(b)(1), dismiss Plaintiffs' claims with prejudice, and grant CitiFinancial such other

6

and further relief to which it is entitled.

Dated: February 12, 2021

Respectfully Submitted,

**DYKEMA GOSSETT PLLC**

*/s/ John F. Rhoades*_____
John F. Rhoades (1101196)
*Attorneys for CitiFinancial*
400 Renaissance Center, 37th Floor
Detroit, MI 48243
(313) 568-6628
jrhoades@dykema.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2021, I caused the foregoing document to be electronically filed with the Clerk of the Court via the Court's ECF system, which will send notification of such filing to all counsel of record.

*s/ John F. Rhoades*_____
John F. Rhoades (1101196)
**DYKEMA GOSSETT PLLC**
*Attorneys for CitiFinancial*
jrhoades@dykema.com