UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| IRA R. BANKS and VERNA BANKS, | |
| Plaintiffs, | Case No. 20-CV-1437-JPS |
| v. | |
| US BANK TRUST ASSOCIATION, *as trustee of American Homeowner Preservation Trust Series 2014B*, JOHN/JAN DOE, *as affiliated with Best Care Property Management*, LAW OFFICE OF BEATRICE GARRETT, BEST CARE PROPERTY MANAGEMENT, LATOYA JAMES, DWAYNE TURNER, PALMERHOUSE PROPERTIES REALTY, GRAY & END, L.L.P., CITI FINANCIAL MORTGAGE COMPANY, INC., BAY VIEW LOAN SERVING, LLC, MILWAUKEE COMMON COUNCIL MEMBERS, MILELE COGGS, MILWAUKEE COUNTY OFFICE OF THE SHERIFF, CITY OF MILWAUKEE POLICE DEPT. DISTRICT ONE, OFFICER MCINNES, OFFICER GRABONSKI, JAN DOE, *as affiliated with City of Milwaukee Police Dept. District Four*, CITY OF MILWAUKEE DEPT. OF TRANSPORTATION, ERIKA LEWIS, TATIA P. JACKSON, JAY PITNER, KARLOS ZAMVRANO, SHERIFF DEEDS, JON DOE, *sued as Sheriff Jon Doe*, CITY OF MILWAUKEE POLICE DEPT. DISTRICT FOUR, JON DOE, *as affiliated with City of Milwaukee Police Dept. District One*, and OFFICER LEWIS, | |
| Defendants. | **ORDER** |

1. **INTRODUCTION**

On September 14, 2020, Plaintiffs Ira Banks ("I. Banks") and Verna Banks ("V. Banks") (collectively, "Plaintiffs") filed a pro se complaint in which they allege injuries arising out of state-court foreclosure proceedings and an eviction. (Docket #1). Based on motions filed in this case, as well the Court's concerns about subject-matter jurisdiction, service, and other deficiencies, the Court issues this Order in an attempt to tidy up this litigation.

2. **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of a case when the Court lacks subject matter jurisdiction. When faced with a jurisdictional challenge, the Court accepts as true the well-pleaded factual allegations found in the complaint, drawing all reasonable inferences in favor of the plaintiff. *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588 (7th Cir. 2014). In this context, the Court may also consider extrinsic evidence adduced by the parties. *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003). Because Plaintiffs are proceeding pro se, their filings are entitled to liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, even pro se litigants must comply with procedural rules. *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

3. **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs are (or were) residents and purport to be the owners of a duplex located at 3321 North 21st Street, Milwaukee, Wisconsin 53206 (the "property"). (Docket #1 at 4). In 2002, CitiFinancial Mortgage Company, Inc. ("CitiFinancial"), through its counsel, Gray & End LLP ("Gray & End")

by attorney Jay Pitner ("Pitner"), filed a foreclosure-of-mortgage action in Milwaukee County Circuit Court on the property against V. Banks and Johnny J. Banks ("J. Banks").[1] *Citifinancial Mortgage Co. Inc. v. Johnny Banks et al.*, 2002CV008833 (available at https://wcca.wicourts.gov/caseDetail.html?caseNo=2002CV008833&countyNo=40). In November 2002, CitiFinancial received a default judgment of foreclosure against V. and J. Banks. (*Id.*)

In 2007, CitiMortgage, Inc. filed a foreclosure-of-mortgage action against V. and J. Banks in Milwaukee County Circuit Court. *CitiMortgage Inc. v. Johnny Banks et al.*, 2007CV000532 (available at https://wcca.wicourts.gov/caseDetail.html?caseNo=2007CV000532&countyNo=40&index=0). This case was dismissed, seemingly by stipulation in relation to V. and J. Banks's then concurrent Chapter 13 and 7 bankruptcies. (Docket #1 at 5). Plaintiffs seem to allege that they had entered into a deal with their lender to make payments. (*Id.*) Plaintiffs also allege that "at some point and time CitiMortgage claim[ed] [that] they sold [the property] to Bay View Loan Serving LLC" ("Bay View"). (*Id.* at 6). Defendant Karlos Zamvrano is apparently affiliated with Bay View. (Docket #1-1 at 12).

In 2018, U.S. Bank Trust Association ("U.S. Bank") filed a foreclosure-of-mortgage action in Milwaukee County Circuit Court on the property against V. and J. Banks. *U.S. Bank Tr. Nat'l Assoc. v. Banks et al.*, Case Number 2018CV004661 (available at https://wcca.wicourts.gov/caseDetail.html?caseNo=2018CV004661&countyNo=40). The Law Office of Beatrice Garrett represented U.S. Bank in this matter. (*Id.*) The state court eventually entered default judgment in favor of U.S. Bank. (*Id.*)

---

[1] J. Banks appears to be either the deceased brother or son of V. Banks.

On or about August 9, 2020, Best Care Property Management ("Best Care"), owned by Dwayne Turner ("Turner"), purchased the property from U.S. Bank. (Docket #19 at 1). That month, Best Care, through its employee, LaToya James ("James"), sent Plaintiffs notice that Best Care intended to begin eviction proceedings. (Docket #1-1 at 6). Plaintiffs allege that, on August 20, 2020, representatives of Best Care (presumably Turner and James) visited the property and gave notice of termination of tenancy and of eviction. (Docket #1 at 5, #1-1 at 7). Plaintiffs also allege that a representative of PalmerHouse Properties Realty ("PalmerHouse") visited the property and informed Plaintiff that PalmerHouse owned the property. (Docket #1 at 5). As evidence of PalmerHouse's involvement, Plaintiffs submit the business card of an employee of PalmerHouse, Tatia Jackson. (Docket #1-1 at 9).

Finally, Plaintiffs implicate multiple units of local government as having caused harm to Plaintiffs. First, Plaintiffs state that City of Milwaukee Common Council Members (the "Milwaukee Common Council Members") and Miele Coggs ("Alderwoman Coggs") abandoned their "duty and responsibility" to Plaintiffs and the inner city, thereby causing "injury" to Plaintiffs. (Docket #1 at 6). Plaintiffs next allege that the Milwaukee County Office of the Sheriff and its sheriffs (Sheriffs Deeds and "Jon Doe") were "involve[d] in the sale of the property" in *U.S. Bank Tr. Nat'l Assoc. v. Banks et al.*, Case Number 2018CV004661. (*Id.*) Plaintiffs allege that the City of Milwaukee Police Department District One and Four and its police officers, Officer Mcinnes, Officer Grabonski, "Jan Doe," and "Jon Doe," issued citations to Plaintiffs for "trying to protect [the] property," and, in doing so, destroyed the property. (*Id.*) Plaintiffs state that an "Officer

Lewis" prohibited I. Banks from replacing his driver's license and vehicle plates with the City of Milwaukee Department of Transportation. (*Id.*)

As relief, Plaintiffs demand that the Court take the following actions: (1) hold U.S. Bank liable for filing a fraudulent case in Wisconsin Circuit Court (i.e., *U.S. Bank Tr. Nat'l Assoc. v. Banks et al.*, Case Number 2018CV004661); (2) hold the Law Office of Beatrice Garrett liable for filing U.S. Bank's allegedly fraudulent case; (3) hold the Law Office of Beatrice Garrett liable for filing exhibits in the state case which "violated Plaintiff[s'] constitutional rights"; (4) order unspecified Defendants pay restitution in the amount of $300,000.00 to V. Banks for "causing hardship" due to race, age, and national origin in violation of the Fourteenth Amendment; (5) hold unspecified government employees liable for failing to follow the law and violating Plaintiffs' Fourth Amendment rights; (6) hold the Milwaukee Common Council Members responsible for the "failing conditions in the iner [sic] city" and require it to institute programs to improve residents' quality of life; and (7) hold unspecified Defendants liable for property destruction, trespassing, and criminal activity in relation to trying to terminate Plaintiffs' residency at the property. (*Id.* at 6–7). Plaintiffs also seek punitive damages. (*Id.* at 7).

4. **ANALYSIS**

    4.1 **Defendants' Motions to Dismiss and Motions for Judgment on the Pleadings Pursuant to *Rooker-Feldman* Doctrine**

The following Defendants have filed motions to dismiss the claims against them pursuant, in part, to the *Rooker-Feldman* doctrine: Gray & End, (Docket #5), and CitiFinancial, (Docket #9). The Milwaukee County Office of the Sheriff has filed a motion for judgment on the pleadings, (Docket #22), on the same grounds. Notably, Plaintiffs failed to respond to all of these

motions. Therefore, based on its review of Defendants' submissions, the Court will grant their motions

The *Rooker-Feldman* doctrine provides that "the Supreme Court of the United States is the only federal court that may review judgments entered by state courts in civil litigation." *Harold v. Steel*, 773 F.3d 884, 885 (7th Cir. 2014); *see also Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923). Thus, lower federal courts are prohibited from presiding "over claims seeking review of state court judgments . . . no matter how erroneous or unconstitutional the state court judgment may be." *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000). The doctrine likewise prohibits federal jurisdiction over claims which are "inextricably intertwined" with state court determinations. *Jakupovic v. Curran*, 850 F.3d 898, 902 (7th Cir. 2017). "Notably, the *Rooker-Feldman* doctrine is a narrow one . . . . For a federal claim to be barred, 'there must be no way for the injury complained of by [the] plaintiff to be separated from [the] state court judgment.'" *Id.* (quoting *Sykes v. Cook Cnty. Cir. Ct. Prob. Div.*, 837 F.3d 736, 742 (7th Cir. 2016)). The *Rooker-Feldman* doctrine is confined to cases in which the parties are "inviting district court review and rejection of [state-court] judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

When a non-moving party fails to respond to a dispositive motion, they risk waiving their arguments against it. Where judges "are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning." *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999); *see also Stransky v. Cummins Engine Co.*, 51 F.3d 1329, 1335 (7th Cir. 1995), *as amended* (Apr. 7, 1995) ("[W]hen presented with a motion to dismiss, the non-moving party must proffer

some legal basis to support his cause of action . . . . The federal courts will not invent legal arguments for litigants."). The present case is certainly not one in which "it is clear on the face of the complaint and its exhibits that plaintiff['s] claims are [survivable]." *Turner v. City of Chi. Bd. of Educ.*, No. 17 C 6507, 2019 WL 1953113, at *9 (N.D. Ill. May 2, 2019) (noting that the plaintiffs had clearly exhausted their claim and that properly responding to the defendant's motion to dismiss for failure to exhaust "would have added little to the Court's decisionmaking"). As discussed below, certain Defendants have raised well-constructed arguments that the claims against them are barred by the *Rooker-Feldman* doctrine, and Plaintiffs have waived their arguments in response.

### 4.1.1 Gray & End

Plaintiffs' claims against Gray & End relate to Gray & End's representing CitiFinancial in *Citifinancial Mortgage Co. Inc. v. Johnny Banks et al.*, 2002CV008833. (Docket #1 at 5). Plaintiffs allege that because of this state-court case, as brought and won by Gray & End, Plaintiffs are suffering a "multitude of injuries."[2] (*Id.*) Plaintiffs' claims proceed directly against a state-court judgment entered nearly twenty years ago and serve as a collateral attack on the judgement. Therefore, a federal court lacks subject-matter jurisdiction over them. *See, e.g., Crawford v. Countrywide Home Loans, Inc.*, 647 F.3d 642, 646 (7th Cir. 2011) (upholding the district court's

---

[2]In their "Claim of Relief" section, Plaintiffs do not discuss Gray & End or the relief they are seeking against it. (Docket #1 at 6–7). Thus, both the Court and Gray & End were left to speculate the extent to which Gray & End was properly named as a defendant. The same pleading deficiency exists for all Defendants *except* for U.S. Bank, the Law Office of Beatrice Garrett, and the Milwaukee County Council Members—the only Defendants specifically named in Plaintiffs' "Claim of Relief" section. (*Id.*)

determination that claims challenging state-foreclosure and eviction proceedings are precluded by the *Rooker-Feldman* doctrine).

### 4.1.2 CitiFinancial

Plaintiffs' claims against CitiFinancial similarly proceed out of CitiFinancial's seeking and obtaining judgments against Plaintiffs in state-court foreclosure proceedings. (Docket #1 at 5). Thus, a federal court lacks subject-matter jurisdiction over them.

### 4.1.3 The Milwaukee County Office of the Sheriff

Plaintiffs allege multiple constitutional violations arising from the sheriff's sale conducted pursuant to the state-court litigation and, specifically, the Sheriff's Office's actions related to the sale itself. (*Id.* at 6). Plaintiffs seek to "[h]old each government employee" responsible for the alleged injuries and damages they have suffered. (*Id.* at 7). Plaintiffs write only that "the Sheriff Office was invole[d] in the sale of property in case no. 201[8]CV004661. The sheriff is government employees, with responsibility for obtaining facts and law. They fail to apply all facts and law." (*Id.*)

To the extent that Plaintiffs' allegations relate to the Sheriff's Office's participation in the sheriff's sale, the source of Plaintiffs' alleged injuries is the state-court judgment entered by the Milwaukee County Circuit Court in Case No. 2018CV004661, which led to the sale of the property. Because the state court judgment is the source of Plaintiffs' alleged injuries, the *Rooker-Feldman* doctrine bars Plaintiffs' attempt to seek review of the state court's judgment in this Court.

### 4.2 Sua Sponte Subject-Matter Jurisdiction Holdings

The Court next addresses Plaintiffs' claims as to the other Defendants who have not appeared, filed a dispositive motion based on the *Rooker-Feldman* doctrine, and/or filed any responsive pleading. At this

juncture, the Court will dismiss the claims against some of the remaining Defendants for lack of subject-matter jurisdiction.

"Since the *Rooker-Feldman* doctrine is about whether inferior federal courts have the *authority* (i.e., subject matter jurisdiction) to hear a given case, it can be raised at any time, by either party, or sua sponte by the court." *Garry v. Geils*, 82 F.3d 1362, 1364 (7th Cir. 1996); *see also* Fed. R. Civ. P. 12(h)(3). Thus, in the present case, the Court raises the *Rooker-Feldman* doctrine, sua sponte, on behalf of the remaining Defendants. *See, e.g.*, *Faulkner v. Otto*, No. 15 C 3344, 2016 WL 1381795, at *5 (N.D. Ill. Apr. 5, 2016) ("[Certain] defendants have not yet answered or otherwise responded to the amended complaint. However, because *Rooker-Feldman* pertains to the Court's subject-matter jurisdiction, the Court can and should raise the matter sua sponte on behalf of these defendants.") (collecting cases).

### 4.2.1 U.S. Bank[3]

Plaintiffs' claims against U.S. Bank proceed out of U.S. Bank's seeking and obtaining judgments against Plaintiffs in state-court foreclosure proceedings. (Docket #1 at 4). Plaintiff asks that U.S. Bank be held liable for filing foreclosure actions against Plaintiffs. (*Id.* at 6). This Court cannot sit as a court of appeals over the state court, and it lacks subject-matter jurisdiction.

### 4.2.2 The Law Office of Beatrice Garrett

Plaintiffs' claims against The Law Office of Beatrice Garrett relate to its representing U.S. Bank in the allegedly fraudulent state-court proceedings against Plaintiffs. (*Id.* at 5–7). Therefore, this federal court lacks subject-matter jurisdiction over it.

---

[3]It appears Plaintiffs failed to execute service on U.S. Bank. (Docket #20 at 3).

### 4.2.3 Pitner[4]

Although Plaintiffs do not address Pitner by name in their complaint outside of the case caption, it appears that they are suing him because of his role as an attorney with Gray & End. For the same reasons this Court does not have subject-matter jurisdiction over Gray & End, it does not have subject-matter jurisdiction over Pitner.

### 4.2.4 Sheriff Deeds[5] and Sherriff Doe

Plaintiffs make no specific references or allegation as to Sheriff Deeds outside of their case caption. It appears that Plaintiffs' grievances with Sherriff Deeds arise out of the same grievances Plaintiffs have with the Milwaukee County Office of the Sheriff. Thus, Plaintiffs' alleged injuries arise out of a state-court judgment and are barred by the *Rooker-Feldman* doctrine. For the same reasons, the Court will also dismiss the claims against Sheriff Jon Doe.

### 4.3 The Milwaukee Common Council Members and Alderwoman Coggs

Even where a plaintiff pays the filing fee and is not proceeding *in forma pauperis*, a district court may conduct limited screening and dismiss a complaint, sua sponte, if it appears the allegations are "frivolous." *Weinschenk v. Cent. Intel. Agency*, 818 F. App'x 557, 558 (7th Cir. 2020) ("But when the plaintiff is not proceeding in forma pauperis, *only* frivolousness can justify the sua sponte dismissal without giving [the plaintiffs] notice and the opportunity to respond.") (citing *Aljabri v. Holder*, 745 F.3d 816, 819 (7th Cir. 2014); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003)). "A

---

[4] Plaintiffs have not submitted an affidavit of service as to Pitner.

[5] Counsel for the Milwaukee County Office of the Sheriff has informed the Court that they have no record or knowledge of a "Sheriff Deeds."

complaint is factually frivolous if the allegations are clearly baseless, irrational, fanciful, delusional, or wholly incredible." *Id.*

Plaintiffs' claims against the Milwaukee Common Council Members and Alderwoman Coggs are not just factually frivolous—they are factually devoid. Plaintiffs do not discuss what harms the Milwaukee Common Council Members and Alderwoman Coggs allegedly caused to befall Plaintiffs anywhere in their complaint. Plaintiffs' only reference to these two Defendants appears in their claim of relief in which they ask that the Court hold these Defendants "responsible [for the] failing conditions in the iner [sic] city" and require them to "produce programs that will greatly improve residents['] quality of health . . . ." (Docket #1 at 7). First, it seems that the "Milwaukee Common Council Members" may not be a suable entity. (Docket #39 at 2). It is also doubtful that the Court can order such a remedy, and, based on the total lack of facts represented by Plaintiffs, the Court finds that all claims against the Milwaukee Common Council Members and Alderwoman Coggs are frivolous and will dismiss them.

### 4.4 Failure to Serve

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Plaintiffs have not served the parties listed below. Therefore, the Court will order that Plaintiffs submit proof of service as to these defendants **within 14 days of this Order**; if Plaintiffs fail to do so, the Court will dismiss them from this action without prejudice.

#### 4.4.1 Bay View

Plaintiffs filed an affidavit indicating non-service as to Bay View. (Docket #20 at 11) (noting two failed attempts to serve Bay View on January 29, 2021).

#### 4.4.2 Karlos Zamvrano

Plaintiffs have not filed an affidavit of service as to Karlos Zamvrano (who appears to be associated with Bay View).

#### 4.4.3 PalmerHouse

Plaintiffs filed an affidavit indicating non-service as to PalmerHouse. (*Id.* at 8) (noting service could not be made on PalmerHouse because of a "[b]ad address").

#### 4.4.4 Tatia Jackson

Plaintiffs have not filed an affidavit of service as to Tatia Jackson (who appears to be associated with PalmerHouse).

#### 4.4.5 City of Milwaukee Department of Transportation

Plaintiffs filed an affidavit indicating non-service as to the *State of Wisconsin* Department of Transportation. (*Id.* at 16). Plaintiffs have not filed an affidavit of service as to the "City of Milwaukee department of Transportation." The Court doubts whether this entity exists.

#### 4.4.6 Erika Lewis and Officer Lewis

Plaintiffs have filed no affidavit of service as to either Erika Lewis or Officer Lewis. These Defendants also appear to be the same person.

### 4.5 Identification of Jan and Jon Does

There are multiple Defendants listed as "Jon," "John," or "Jan" Doe. These parties include: (1) John/Jan Doe, as affiliated with Best Care Property Management; (2) Jan Doe, as affiliated with the City of Milwaukee Police

Department District Four; and (3) Jon Doe, as affiliated with the City of Milwaukee Police Department District One.

Eventually, Plaintiffs will be required to identify these parties by name and execute service upon them. However, the Court will not presently require this, as there remains an open issue of whether the Court has subject-matter jurisdiction over the entities affiliated with these John/Jon and Jan Does. *See infra* Section 4.8.2.

### 4.6 Plaintiffs' Motion for an Injunction

On September 14, 2020, Plaintiffs filed, along with their complaint, a motion for an injunction on their pending eviction. (Docket #2). During the pendency of pleadings and motions, it appears that Plaintiffs were evicted. (Docket #31 at 1). Thus, Plaintiffs' motion for an injunction has been rendered moot, and the Court will deny it as such.

### 4.7 Plaintiffs' "Motion to Dismiss or Motion for Judgment"

On May 17, 2021, Plaintiffs filed a "Motion to Dismiss or Motion for Judgment," (Docket #30). In this document, Plaintiffs ask the Court to deny Law Office of Beatrice Garrett's motion to dismiss. Thus, this motion is more properly labelled as a response brief.

In its motion to dismiss, the Law Office of Beatrice Garrett raises only the issue of laches. (Docket #27). Because the Court is dismissing the claims against the Law Office of Beatrice Garrett for lack of subject-matter jurisdiction, the Court need not (and cannot) reach the issue of laches. Thus, the Court will deny as moot the Law Office of Beatrice Garrett's motion to dismiss, as well as Plaintiffs' motion to dismiss or motion for judgment (to the extent that it is a motion).

### 4.8 Plaintiffs' "Motion for Default Judgment as to All Defendants"

Plaintiffs filed a motion for default judgment in which they allege that all Defendants failed to serve Plaintiffs with answers or other motions. (Docket #31). Federal Rule of Civil Procedure 5(b)(2)(C) provides that "[a] paper is served under this rule by . . . mailing it to the person's last known address—in which event service is complete upon mailing." Plaintiffs filed their complaint on September 14, 2020, and listed their address as 3321 North 21st Street, Milwaukee, Wisconsin 53206. (Docket #1).

On May 17, 2021, Plaintiffs informed the Court that they had been evicted, (Docket #31 at 1), but the Court's docket in this case does not reflect that Plaintiffs requested the Clerk of the Court to change their address. In their most recent filings, Plaintiffs added a post office box number to the caption of their filings, but they still list their address as 3321 North 21st Street, Milwaukee, Wisconsin 53206. However, because the only address properly on file is the one from which Plaintiffs were evicted, it is unclear as to how the Court and Defendants are to communicate with Plaintiffs. It is Plaintiffs' responsibility to keep the Court apprised of the address at which it can contact Plaintiffs.

#### 4.8.1 The Dismissed Defendants

Plaintiffs claim that they were not served documents by Gray & End, CitiFinancial, the Milwaukee County Office of the Sheriff, and the Law Office of Beatrice Garrett. All of these Defendants submitted certificates of service to Plaintiffs' last known address. (Docket #5-5; #28; #12-1, #17, #33).

Nevertheless, given that the Court is dismissing the claims against Gray & End, CitiFinancial, the Milwaukee County Office of the Sheriff, and the Law Office of Beatrice Garrett, as well as against U.S. Bank, Pitner,

Sheriff Deeds, Sheriff Jon Doe, the Milwaukee Common Council Members, and Alderwoman Coggs, the Court will deny as moot Plaintiffs' motion for default judgment against them.

### 4.8.2 Best Care, James, Turner, the City of Milwaukee Police Department District One, Officer Mcinnes, Officer Grabonski, and the City of Milwaukee Police Department District Four

A few Defendants remain in this case which the Court has not addressed: Best Care, James, Turner, the City of Milwaukee Police Department District One, Officer Mcinnes, Officer Grabonski, and the City of Milwaukee Police Department District Four.

Turner filed a letter on behalf of himself, Best Care, and James. (Docket #19). Turner, a pro se party, is not permitted to represent any party other than himself. But, on June 7, 2021, an attorney appeared on behalf of Best Care and filed an answer. (Docket #36, #37).

An attorney filed an appearance on behalf of the City of Milwaukee Police Department District One, Officer Mcinnes, Officer Grabonski, and the City of Milwaukee Police Department District Four. On June 6, 2021, these parties moved for an extension of time to respond to Plaintiffs' motion for default, citing the need for more time to sort out the confusing nature of this action. (Docket #39).

The Court has doubts as to whether it has subject-matter jurisdiction over the claims against these parties. Specifically, Turner alleges that he was granted a writ to evict by a state court, (*id.* at 2), which might preclude this Court from hearing Plaintiffs' claims that their eviction by Best Care, its employees, and the Milwaukee Police Department was improper. This inhibits the Court's present ability to enter default judgment as to these Defendants. Thus, the Court will deny Plaintiffs' motion for default as to

these Defendants without prejudice. The Court will also order that, **within 30 days of this Order**, Plaintiffs file a brief explaining the Court's authority to hear the claims against Best Care, James, Turner, the City of Milwaukee Police Department District One, Officer Mcinnes, Officer Grabonski, and the City of Milwaukee Police Department District Four. Further, **within 60 days of this Order**, these Defendants are to file a brief addressing whether the Court has authority to hear the claims against them.

5.  **CONCLUSION**

The Court will grant Gray & End, CitiFinancial, and the Milwaukee County Office of the Sheriff's motions to dismiss, (Docket #5, #9), and motion for judgment on the pleadings, (Docket #22), pursuant to the *Rooker-Feldman* doctrine. Additionally, the Court will also dismiss the claims against U.S. Bank, the Law Office of Beatrice Garrett, Pitner, and Sheriffs Deeds and Jon Doe because the Court lacks subject-matter jurisdiction over these Defendants pursuant to *Rooker-Feldman*. The Court will dismiss the claims against the Milwaukee Common Council Members and Alderwoman Coggs for frivolity. Accordingly, all of these Defendants will be dismissed from this action.

The Court will order Plaintiffs to serve and submit proof of service as to the following parties: Bay View, Karlos Zamvrano, PalmerHouse, Tatia Jackson, the City of Milwaukee Department of Transportation, Erika Lewis, and Officer Lewis. If Plaintiffs fail to serve and submit proof of service to the Court **within 14 days of this Order**, the Court will dismiss Plaintiffs' claims without prejudice against these Defendants.

The Court will deny as moot Plaintiffs' motion for an injunction, (Docket #2), and motion to dismiss or motion for judgment, (Docket #30). As to Plaintiffs' motion for default judgment, (Docket #31), the Court will

Page 16 of 19
Case 2:20-cv-01437-JPS   Filed 06/14/21   Page 16 of 19   Document 41

deny it without prejudice as to Best Care, James, Turner, the City of Milwaukee Police Department District One, Officer Mcinnes, Officer Grabonski, and the City of Milwaukee Police Department District Four, and deny it as moot as to all dismissed Defendants. The Court will deny as moot the Milwaukee Common Council Members and Milele Coggs's motion for an extension of time of the response deadline to Plaintiffs' motion for default judgment, (Docket #39). Finally, the Court will deny as moot the Law Office of Beatrice Garrett's motion to dismiss, (Docket #27).

As to Best Care, James, Turner, the City of Milwaukee Police Department District One, Officer Mcinnes, Officer Grabonski, and the City of Milwaukee Police Department District Four, **within 30 days of this Order**, Plaintiffs must file a brief explaining the Court's authority to hear the claims against these Defendants. Lastly, **within 60 days of this Order**, these Defendants are to file a brief addressing whether the Court has authority to hear the claims against them.

Accordingly,

**IT IS ORDERED** that Defendant Gray & End LLP's motion to dismiss (Docket #5), Defendant Citi Financial Mortgage Company, Inc.'s motion to dismiss (Docket #9), and Defendant Milwaukee County Office of the Sheriff's motion for judgment on the pleadings (Docket #22) be and the same are hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the claims against Defendants Gray & End LLP, Citi Financial Mortgage Company, Inc., and Milwaukee County Office of the Sheriff be and the same are hereby **DISMISSED without prejudice** for lack of subject-matter jurisdiction;

**IT IS FURTHER ORDERED** that Defendants Gray & End LLP, Citi Financial Mortgage Company, Inc., and Milwaukee County Office of the

Sheriff be and the same are hereby **DISMISSED without prejudice** from this action;

**IT IS FURTHER ORDERED** that the claims against Defendants U.S. Bank Trust Association, the Law Office of Beatrice Garrett, Jay Pitner, Sheriff Deeds, and Sheriff Jon Doe be and the same are hereby **DISMISSED without prejudice** for lack of subject-matter jurisdiction;

**IT IS FURTHER ORDERED** that the claims against Defendants Milwaukee Common Council Members and Milele Coggs be and the same are hereby **DISMISSED without prejudice** for frivolity;

**IT IS FURTHER ORDERED** that Defendants U.S. Bank Trust Association, the Law Office of Beatrice Garrett, Jay Pitner, Sheriff Deeds, Sheriff Jon Doe, the Milwaukee Common Council Members, and Milele Coggs be and the same are hereby **DISMISSED without prejudice** from this action;

**IT IS FURTHER ORDERED** that Defendant the Law Office of Beatrice Garrett's motion to dismiss (Docket #27) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiffs serve and submit proof of service of Defendants Bay View Loan Serving LLC, Karlos Zamvrano, PalmerHouse Properties Realty, Tatia Jackson, the City of Milwaukee Department of Transportation, Erika Lewis, and Officer Lewis **within 14 days of this Order**;

**IT IS FURTHER ORDERED** that Plaintiffs' motion for an injunction (Docket #2) and motion to dismiss or motion for judgment (Docket #30) be and the same are hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiffs' motion for default (Docket #31) be and the same is hereby **DENIED without prejudice** as to

Best Care Property Management, Latoya James, Dwayne Turner, the City of Milwaukee Police Department District One, Officer Mcinnes, Officer Grabonski, and the City of Milwaukee Police Department District Four, and **DENIED as moot** as to all dismissed Defendants;

IT IS FURTHER ORDERED that, **within 30 days of this Order**, Plaintiffs must file a brief explaining the Court's authority to hear the claims against Defendants Best Care Property Management, Latoya James, Dwayne Turner, the City of Milwaukee Police Department District One, Officer Mcinnes, Officer Grabonski, and the City of Milwaukee Police Department District Four, and, **within 60 days of this Order**, whether or not Plaintiffs file their brief, these Defendants must file a brief explaining the Court's authority to hear the claims against them; and

IT IS FURTHER ORDERED that Defendants Milwaukee Common Council Members and Milele Coggs's motion for an extension of time of the response deadline to Plaintiffs' motion for default judgment (Docket #39) be and the same is hereby **DENIED as moot**.

Dated at Milwaukee, Wisconsin, this 14th day of June, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge