# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| IRA R. BANKS and VERNA BANKS, | |
| Plaintiffs, | Case No. 20-CV-1437-JPS |
| v. | |
| JOHN/JAN DOE, *as affiliated with Best Care Property Management*, BEST CARE PROPERTY MANAGEMENT, LATOYA JAMES, DWAYNE TURNER, PALMERHOUSE PROPERTIES REALTY, BAY VIEW LOAN SERVING, LLC, CITY OF MILWAUKEE POLICE DEPT. DISTRICT ONE, OFFICER MCINNES, OFFICER GRABONSKI, JAN DOE, *as affiliated with City of Milwaukee Police Dept. District Four*, CITY OF MILWAUKEE DEPT. OF TRANSPORTATION, ERIKA LEWIS, TATIA P. JACKSON, KARLOS ZAMVRANO, CITY OF MILWAUKEE POLICE DEPT. DISTRICT FOUR, JON DOE, *as affiliated with City of Milwaukee Police Dept. District One*, and OFFICER LEWIS, | |
| | **ORDER** |
| Defendants. | |

## 1.    INTRODUCTION

On September 14, 2020, Plaintiffs Ira Banks ("I. Banks") and Verna Banks ("V. Banks") (collectively, "Plaintiffs") filed a pro se complaint in which they allege injuries arising out of state-court foreclosure proceedings and an eviction. (Docket #1). On June 14, 2021, the Court dismissed Plaintiffs' claims against many of the defendants, citing lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine. (Docket #41). At that

time, the Court also ordered the following: (1) that Plaintiffs serve and submit proof of service of Defendants Bay View Loan Serving LLC, Karlos Zamvrano, PalmerHouse Properties Realty, Tatia Jackson, the City of Milwaukee Department of Transportation, Erika Lewis, and Officer Lewis within 14 days of the order; (2) that Plaintiffs file a brief explaining the Court's authority to hear the claims against Defendants Best Care Property Management, Latoya James, Dwayne Turner, the City of Milwaukee Police Department District One, Officer Mcinnes, Officer Grabonski, and the City of Milwaukee Police Department District Four; and (3) that, whether or not Plaintiffs file their brief, Defendants Best Care Property Management, Latoya James, Dwayne Turner, the City of Milwaukee Police Department District One, Officer Mcinnes, Officer Grabonski, and the City of Milwaukee Police Department District Four file a brief explaining the Court's authority to hear the claims against them. (*Id.*) The Court will now assess whether the parties have complied with these requirements.

2.    **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of a case when the Court lacks subject-matter jurisdiction. When faced with a jurisdictional challenge, the Court accepts as true the well-pleaded factual allegations found in the complaint, drawing all reasonable inferences in favor of the plaintiff. *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588 (7th Cir. 2014). In this context, the Court may also consider extrinsic evidence adduced by the parties. *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003). Because Plaintiffs are proceeding pro se, their filings are entitled to liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, even pro se litigants must comply with procedural rules. *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested

that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). "[T]he party that wants the federal forum is the one that has the burden of establishing the court's authority to hear the case." *Thornley v. Clearview AI, Inc.*, 984 F.3d 1241, 1244 (7th Cir. 2021).

**3.    ANALYSIS[1]**

Federal courts are courts of limited jurisdiction and may only hear cases in two primary categories: (1) those raising issues of federal law (known as "federal question" jurisdiction), and (2) those between parties who are citizens of different states and which involve an amount in controversy exceeding $75,000.00 (known as "diversity" jurisdiction). *See* 28 U.S.C. §§ 1331, 1332(a).

The *Rooker-Feldman* doctrine provides that "the Supreme Court of the United States is the only federal court that may review judgments entered by state courts in civil litigation." *Harold v. Steel*, 773 F.3d 884, 885 (7th Cir. 2014); *see also Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923). Thus, lower federal courts are prohibited from presiding "over claims seeking review of state court judgments . . . no matter how erroneous or unconstitutional the state court judgment may be." *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000). The doctrine likewise prohibits federal jurisdiction over claims which are "inextricably intertwined" with state court determinations. *Jakupovic v. Curran*, 850 F.3d 898, 902 (7th Cir. 2017). "Notably, the *Rooker-Feldman* doctrine is a narrow one . . . . For a federal claim to be barred, 'there must be no way for the injury complained of by [the] plaintiff to be separated from [the] state court judgment.'" *Id.* (quoting

---

[1]The Court provided a full factual background of this case in its previous order. (Docket #41).

*Sykes v. Cook Cnty. Cir. Ct. Prob. Div.*, 837 F.3d 736, 742 (7th Cir. 2016)). The *Rooker-Feldman* doctrine is confined to cases in which the parties are "inviting district court review and rejection of [state-court] judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

After dismissing the claims against various Defendants for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine, the Court instructed some of the remaining parties to submit briefing on whether the Court has jurisdiction to preside over the remaining claims. (Docket #41).

On August 6, 2021, Plaintiffs submitted their brief. (Docket #42). In it, they write that their case meets the amount-in-controversy requirement and that it arises under federal-question jurisdiction. (*Id.* at 1). Plaintiffs also state (without analysis) the Article III requirements of standing. (*Id.*) As to the *Rooker-Feldman* doctrine, Plaintiffs cite multiple cases for the proposition that the doctrine does not apply to state administrative judgments. (*Id.* at 2). For example, Plaintiffs cite *Van Harken v. City of Chicago*, 103 F.3d 1346, 1348 (7th Cir. 1997), a case concerning the reviewability of parking tickets as adjudicated by a local administrative body. There, the Seventh Circuit concluded that the *Rooker-Feldman* doctrine does not extend to administrative judgments. *Id.* While Plaintiffs may have summarized the law correctly, its relevance is not clear. As discussed below, Plaintiffs' case implicates foreclosure actions in the Milwaukee County Circuit Court—not an administrative judgment. (*See* Docket #41 at 2–3).

For completeness, given the confusing nature of the case, the Court will discuss the specific reasons it is dismissing each remaining Defendant (or dismissing the claims against each Defendant).

### 3.1 Defendants Bay View Loan Serving LLC, Karlos Zamvrano, PalmerHouse Properties Realty, Tatia P. Jackson, the City of Milwaukee Department of Transportation, and Erika Lewis

On June 14, 2021, the Court ordered that Plaintiffs "serve and submit proof of service of Defendants Bay View Loan Serving LLC, Karlos Zamvrano, PalmerHouse Properties Realty, Tatia Jackson, the City of Milwaukee Department of Transportation, Erika Lewis, and Officer Lewis[2] **within 14 days of this Order**." (Docket #41 at 18). Pursuant to Federal Rule of Civil Procedure 4(m), the Court warned Plaintiffs that, "if Plaintiffs fail[ed] to do so, the Court [would] dismiss [these Defendants] from this action without prejudice." (*Id.* at 11). Plaintiffs have not submitted any proof of service as to these Defendants. Thus, the Court will dismiss Defendants Bay View Loan Serving LLC, Karlos Zamvrano, PalmerHouse Properties Realty, Tatia P. Jackson, the City of Milwaukee Department of Transportation, and Erika Lewis from this action without prejudice.

### 3.2 Defendants City of Milwaukee Police Department District One, City of Milwaukee Police Department District Four, Officer Mcinnes, Officer Grabonski, Officer Lewis, Jan Doe, as affiliated with City of Milwaukee Police Dept. District Four, and Jon Doe, as affiliated with City of Milwaukee Police Dept. District One

First, while Plaintiffs state that they meet the amount-in-controversy requirement under Section 1332, they do not meet the diversity requirement. Where a plaintiff claims diversity jurisdiction, "complete" diversity is required in most cases, which means all plaintiffs must be citizens of different states than all defendants. *See Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806); *Bagdon v. Bridgestone/Firestone, Inc.*, 916 F.2d 379, 381

---

[2]Since the Court issued its order, counsel for Defendants associated with the Milwaukee Police claimed Officer Lewis as their represented party. Thus, Officer Lewis is disposed of in Section 3.2, *infra*.

(7th Cir. 1990). Defendants associated with the Milwaukee Police are established in, or citizens of, the State of Wisconsin—the same State in which the Plaintiffs are located. (Docket #43 at 5). Plaintiffs' submissions to the Court indicate that they have satisfied the $75,000.00 claim threshold, but they do not address the lack of complete diversity.

Second, Plaintiffs make conclusory statements that their case presents federal questions under Section 1331, but they do not explain what those federal questions are. For example—and the only specifically pleaded example in the complaint—Plaintiffs state that Officer Lewis "[p]rohibited Ira R. Banks from replacing license for his vehicle" thereby violating his "United States Constitution right Search and Seizure [sic]." (Docket #1 at 6). Plaintiffs also list multiple provisions of the Constitution with no explanation. (*Id.* at 1–2, #42 at 3). This empty verbiage is not enough to establish that Plaintiffs are bringing claims under federal law.

Third, much of Plaintiffs' alleged harms flows from foreclosure actions in the Milwaukee County Circuit Court.[3] (*See* Docket #41 at 2–3). Under the *Rooker-Feldman* doctrine (and as more thoroughly explained in the Court's previous order, (*id.* at 5–10)), the Court cannot preside "over claims seeking review of state court judgments . . . no matter how erroneous or unconstitutional the state court judgment may be." *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000). Accordingly, for these reasons, Plaintiffs' claims against Defendants City of Milwaukee Police Department District One, City of Milwaukee Police Department District

---

[3]Defendants note that the Milwaukee Police were also called to an incident involving employees of Best Care Property Management in August 2020 at the Banks's home. (Docket #43 at 3). I. Banks was issued a citation for battery. (*Id.*) When he did not appear in state court, the court entered default judgment against him and issued a bench warrant for his arrest. (*Id.*)

Four, Officer Mcinnes, Officer Grabonski, Officer Lewis, Jan Doe, as affiliated with City of Milwaukee Police Dept. District Four, and Jon Doe, as affiliated with City of Milwaukee Police Dept. District One will be dismissed without prejudice.

### 3.3 Best Care Property Management, Latoya James, Dwayne Turner, and John/Jan Doe, as affiliated with Best Care Property Management

First, Plaintiffs' allegations against Best Care Property Management ("Best Care") arise out of the foreclosure and eviction proceedings in state court and their aftermath. Plaintiffs complain that someone from Best Care acquired their home following the foreclosure and terminated their tenancy; they claim the foreclosure was fraudulent. (Docket #1 at 5, 6). But they point to nothing that caused them any harm outside of Best Care having purchased the home following foreclosure and taking steps to evict them. The state court's judgment of foreclosure is the unmistakable source of Plaintiffs' alleged injuries and the root of their claims. Therefore, the *Rooker-Feldman* doctrine prohibits the Court from hearing them.

Second, there is no federal question as to Best Care. In the complaint, Plaintiffs write that Best Care is responsible for "trespassing" and "destruction of property." (Docket #1 at 5). These torts are typically ones of state law. Further, the only laws Plaintiffs cite with regard to their claims against Best Care are Wisconsin statutes. (*Id.*)

Third, there is no diversity of citizenship between the parties. Plaintiffs are or were citizens of Wisconsin, as is Best Care, a limited liability company whose sole member is Dwayne Turner, a Wisconsin citizen. (Docket #46 at 8).

As to Latoya James, Dwayne Turner, and John/Jan Doe, Plaintiffs state no specific claims against them in the complaint. (*See* Docket #1). Their

names appear only as part of address blocks for Best Care in the caption. (*Id.* at 1–2).

For these reasons, Plaintiffs' claims against Defendants Best Care Property Management, Latoya James, Dwayne Turner, and John/Jan Doe, as affiliated with Best Care Property Management will be dismissed without prejudice.

## 4. CONCLUSION

The Court does not have subject-matter jurisdiction over any of Plaintiffs' remaining claims. The Court recognizes Plaintiffs' frustration in seeking relief, but the federal courts cannot help them. The Court must dismiss all of the unserved defendants without prejudice and dismiss all of Plaintiffs' remaining claims without prejudice for lack of subject-matter jurisdiction.

Accordingly,

**IT IS FURTHER ORDERED** that Defendants Bay View Loan Serving LLC, Karlos Zamvrano, PalmerHouse Properties Realty, Tatia P. Jackson, the City of Milwaukee Department of Transportation, and Erika Lewis be and the same are hereby **DISMISSED without prejudice** for failure to serve;

**IT IS FURTHER ORDERED** that Plaintiffs' claims against Defendants City of Milwaukee Police Department District One, City of Milwaukee Police Department District Four, Officer Mcinnes, Officer Grabonski, Officer Lewis, Jan Doe, as affiliated with City of Milwaukee Police Dept. District Four, and Jon Doe, as affiliated with City of Milwaukee Police Dept. District One be and the same are hereby **DISMISSED without prejudice** for lack of subject-matter jurisdiction;

**IT IS FURTHER ORDERED** that Plaintiffs' claims against Defendants Best Care Property Management, Latoya James, Dwayne Turner, and John/Jan Doe, as affiliated with Best Care Property Management be and the same are hereby **DISMISSED without prejudice** for lack of subject-matter jurisdiction; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 8th day of October, 2021.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge