UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

IRA R. BANKS,
VERNA BANKS,

    Plaintiffs,

v.                                                                       Case No. 20-CV-01437-JPS

US BANK TRUST ASSOCIATION,
JOHN/JAN DOE, THE LAW OFFICE
OF BEATRICE GARRETT, BEST CARE
PROPERTY MANAGEMENT,
LATOYA JAMES, DWAYNE TURNER,
PALMERHOUSE PROPERTIES REALTY,
GRAY & END, L.L.P.,
CITI FINANCIAL MORTGAGE COMPANY, INC.,
BAY VIEW LOAN SERVING, LLC,
MILWAUKEE COMMON COUNCIL MEMBERS,
MILWAUKEE COUNTY OFFICE OF THE SHERIFF,
CITY OF MILWAUKEE POLICE DEPART. DISTRICT ONE,
OFFICER MCINNES, OFFICER GRABONSKI,
JAN DOE, CITY OF MILWAUKEE DEPT OF TRANSPORTATION,
    and

ERIKA LEWIS,

    Defendants.

---

### BRIEF OF DEFENDANT MILWAUKEE COUNTY SHERIFF'S OFFICE IN OPPOSITION TO PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

---

Defendant, the Milwaukee County Sheriff's Office (the "Sheriff's Office"), by its attorneys, Hansen Reynolds LLP, submits this brief in opposition to the plaintiffs' motion for default judgment (ECF No. 60) and their associated request for sanctions. For several reasons, the plaintiffs' motion should be denied.

On February 17, 2021, the Sheriff's Office filed its Answer and Affirmative Defenses to the plaintiffs' complaint. (ECF No. 12). On April 19, 2021, the Sheriff's Office moved for judgment on the pleadings. (ECF No. 22). On May 17, 2021, the plaintiffs filed a motion for default judgment. (ECF No. 31). On May 27, 2021, the Sheriff's Office responded to the plaintiffs' motion for default judgment. (ECF No. 34). By order dated June 14, 2021, the Court granted the Sheriff's Office's motion for judgment on the pleadings, denied the plaintiffs' motion for default judgment, and dismissed the Sheriff's Office from this action. (ECF No. 41, at 8, 14-16). Subsequently, on October 8, 2021, the Court entered its judgment dismissing this action. (ECF No. 53).

Despite the fact that this action is closed, the plaintiffs have again moved for a default judgment. While the plaintiffs cite Rule 55 of the Federal Rules of Civil Procedure, their motion should be construed as a motion for relief from a final judgment or order under Rule 60(b). The plaintiffs make no effort to show that any of the enumerated grounds that could justify relief from a final order or judgment actually exist. The record reflects no facts or circumstances that would justify relief from the Court's prior orders and its final judgment. Moreover, to the extent that the plaintiffs seek a default judgment and sanctions against the Sheriff's Office, their motion is without any merit and cannot be granted because the Sheriff's Office answered the plaintiffs' complaint.

## CONCLUSION

For the reasons stated herein, the Sheriff's Office respectfully submits that this Court should enter an order denying the plaintiffs' instant motion for default judgment and their associated request for sanctions.

2

Dated at Milwaukee, Wisconsin this 11th day of August 2022.

                                    **HANSEN REYNOLDS LLC**

                                    /s/ Andrew A. Jones
                                    Andrew A. Jones
                                    James F. Cirincione
                                    301 N. Broadway, Suite 400
                                    Milwaukee, WI 53202
                                    Phone: (414) 455-7676
                                    Facsimile: (414) 273-8476
                                    ajones@hansenreynolds.com
                                    jcirincione@hansenreynolds.com