UNITED STATES DISTRICT COURT EASTERN DISTRICT OF WISCONSIN

IRA R. BANKS and VERNA BANKS,

        Plaintiffs,

v.                                                    Case No. 20-CV-01437-JPS

US BANK TRUST ASSOCIATION,
JAN DOE (US BANK TRUST ASSOCIATION),
JON DOE (US BANK TRUST ASSOCIATION),
THE LAW OFFICE OF BEATRICE GARRETT,
BEST CARE PROPERTY MANAGEMENT,
LATOYA JAMES, DWAYNE TURNER JAN DOE,
JON DOE (BEST CARE PROPERTY MANAGEMENT)
PALMERHOUSE PROPERTIES REALTY,
GRAY & END, L.L.P.,
CITI FINANCIAL MORTGAGE COMPANY, INC.,
BAY VIEW LOAN SERVING, LLC,
STATE OF WISCONSIN MILWAUKEE COMMON COUNCIL MEMBERS,
MILELE COGGS,
MILWAUKEE COUNTY OFFICE OF THE SHERIFF,
CITY OF MILWAUKEE POLICE DEPARTMENT DISTRICT ONE,
OFFICER D. MCINNES, OFFICER GRABONSKI,
JON DOE (CITY OF MILWAUKEE POLICE DEPARTMENT DISTRICT FOUR),
CITY OF MILWAUKEE DEPARTMENT OF TRANSPORTATION,
ERIKA LEWIS, TATIA P. JACKSON, JAY PITNER, KARLOS ZAMBRANO,
SHERIFF DEED,
JON DOE, *sued as Shieriff Jon Doe,*
CITY OF MILWAUKEE POLICE DEPARTMENT DISTRICT FOUR,
JON DOE (CITY OF MILWAUKEE POLICE DEPARTMENT DISTRICT ONE), and
OFFICER LEWIS,

        Defendants.

### RESPONSE TO PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT BY DEFENDANTS MILWAUKEE COMMON COUNCIL MEMBERS, MILELE COGGS, CITY OF MILWAUKEE POLICE DEPARTMENT DISTRICT ONE, CITY OF MILWAUKEE POLICE DEPARTMENT DISTRICT FOUR, OFFICER LEWIS, OFFICER MCINNES, AND OFFICER GRABONSKI

Defendants, Milwaukee Common Council Members, Milele Coggs, City of Milwaukee Police Department District One, City of Milwaukee Police Department District Four, Officer Lewis, Officer McInnes, and Officer Grabonski, by their attorney, Tearman Spencer, City Attorney, by Robin Pederson, Deputy City Attorney, submit this response to the Plaintiffs' motion for default judgment and request for sanctions. (ECF No. 60.) Defendants respectfully submit that the plaintiffs' motion should be denied for the reasons set forth below.

### RESPONSE OF CITY OF MILWAUKEE POLICE DEPARTMENT DISTRICT ONE, CITY OF MILWAUKEE POLICE DEPARTMENT DISTRICT FOUR, OFFICER LEWIS, OFFICER MCINNES, AND OFFICER GRABONSKI

On May 17, 2021, the plaintiffs filed a motion for default judgment. (ECF No. 31.) On June 14, 2021, the Court dismissed the motion against the City of Milwaukee Police Department District One, Officer Mcinnes, Officer Grabonski, and the City of Milwaukee Police Department District Four,[1] and ordered that these Defendants were to file a brief explaining the Court's authority to hear the claims against them; (ECF No. 41, 19.) On August 13, 2021, these Defendants filed their brief. (ECF No. 43.) On October 8, 2021, the Court entered its judgment dismissing this action against these Defendants, and Officer Lewis, for lack of subject-matter jurisdiction, and also against Officer Lewis for failure to serve. (ECF No. 53, 5-6, 8.)

In the instant motion, Plaintiffs move for default judgment and sanctions against

---

[1] Officer Lewis was not included in the dismissal because as to her, the Court had ordered that Plaintiffs were to provide proof of service within 14 days of the order. Subsequently, counsel claimed Officer Lewis as a represented party, and she was included in the disposition with Officers McInnes and Grabowski. (*See* ECF No. 52, 9 n.2.)

all named defendants. Counsel here concurs with counsel for the Milwaukee County Sheriff's Office where they state in their responsive brief that "[w]hile the plaintiffs cite Rule 55 of the Federal Rules of Civil Procedure, their motion should be construed as a motion for relief from a final judgment or order under Rule 60(b)." (ECF No. 61, 2.) Further, Counsel here concurs in their argument that "[t]he plaintiffs make no effort to show that any of the enumerated grounds that could justify relief from a final order or judgment actually exist. The record reflects no facts or circumstances that would justify relief from the Court's prior orders and its final judgment," as applied to the responding defendants here. (ECF No. 61, 2.)

Plaintiffs' motion lacks merit and they do not assert any rule, law, or theory as to how their motion can or should be applied in a dismissed matter, and to parties dismissed from this action.

### RESPONSE OF MILWAUKEE COMMON COUNCIL MEMBERS, MILELE COGGS

Plaintiff's motion appears to also be asserted against Defendants Milwaukee Common Council Members and Milele Coggs. On June 14, 2021, the Court ordered that the claims against Defendants Milwaukee Common Council Members and Milele Coggs be dismissed without prejudice for frivolity. (ECF No. 41.) These Defendants assert that due to their dismissal for frivolity, that the plaintiff cannot revive their status as parties and seek default judgment on them by merely filing their motion. Plaintiffs fail to assert any rule, law, or theory under which they may so revive these parties, let alone how the motion may be applied to them.

CONCLUSION

Responding defendants respectfully submit that this Court should enter an order denying Plaintiffs' motion for default judgment and request for sanctions.

Dated at Milwaukee, Wisconsin this 11th day of August 2022.

                        TEARMAN SPENCER
                        City Attorney

                        s/ ROBIN A. PEDERSON
                        Deputy City Attorney
                        State Bar No. 01045759
                        Attorneys for Defendant
                        Milwaukee City Attorney's Office
                        800 City Hall
                        200 East Wells Street
                        Milwaukee, WI 53202
                        Telephone: (414) 286-2601
                        Fax: (414) 286-8550
                        Email: rpederson@milwaukee.gov