# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| IRA R. BANKS and VERNA BANKS,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN/JAN DOE, *as affiliated with Best Care Property Management*, BEST CARE PROPERTY MANAGEMENT, LAYOTA JAMES, DWAYNE TURNER, CITY OF MILWAUKEE POLICE DEPT. DISTRICT ONE, OFFICER MCINNES, OFFICER GRABONSKI, JAN DOE, *as affiliated with City of Milwaukee Police Dept. District Four*, CITY OF MILWAUKEE POLICE DEPT. DISTRICT FOUR, JON DOE, *as affiliated with City of Milwaukee Police Dept. District One*, and OFFICER LEWIS,<br><br>Defendants. | Case No. 20-CV-1437-JPS<br><br><br>**ORDER** |

This Order relates to a pro se action brought by Plaintiffs Ira and Verna Banks. On October 8, 2021, the Court dismissed Plaintiffs' action in its entirety and judgment was entered accordingly. ECF Nos. 52, 53. Plaintiffs proceeded to file additional motions related to the dismissed action, including a request for a jury trial schedule and a motion to "Disqualify Judge." ECF Nos. 54, 58. The Court denied those requests on January 26, 2022. ECF No. 59. Approximately six months later, Plaintiffs submitted additional documents to the Court. They include a motion for default judgment against "each and all defendants;" a motion for sanctions; and a compilation of various documents including cases and Constitutional

provisions (apparently exhibits to their motion for sanctions). ECF No. 60. In response, various Defendants filed oppositions to Plaintiffs' motion for default judgment. ECF Nos. 61, 62. The Court addresses the motions below.

1.     MOTION FOR DEFAULT JUDGMENT

Despite already having unsuccessfully previously moved for default judgment in this action, *see* ECF Nos. 31, 42, Plaintiffs, on July 21, 2022, filed a second purported motion for default judgment against "each and all defendants." ECF No. 60.

A litigant cannot seek default judgment as to an action that has already been dismissed. In non-pro se litigation, that would be the end of the matter. However, courts afford leniency to pro se litigants on procedural matters. *Otis v. Demarasse,* 886 F.3d 639, 644 (7th Cir. 2018) (quoting *Lovelace v. Dall,* 820 F.2d 223, 228 (7th Cir. 1987)). The Court will therefore determine which standard is appropriate to evaluate Plaintiffs' request.

Rule 59(e) of the Federal Rules of Civil Procedure states that motions "to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Plaintiffs filed this motion for "default judgment" on July 21, 2022, over nine months after the Court entered judgment dismissing this action.

Alternatively, a litigant may in some circumstances seek relief from a final judgment under Rule 60(b). "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for various enumerated reasons or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). The specifically enumerated reasons justifying relief are: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence,

could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud [], misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." *Id.* Furthermore, a motion under Rule 60(b) must be made within a "reasonable time," not to exceed a year after entry of judgment. Fed. R. Civ. P. 60(c).

Relief under Rule 60(b) is an "extraordinary remedy and is granted only in exceptional circumstances." *Harrington v. City of Chicago,* 433 F.3d 542, 546 (7th Cir. 2006) (quoting *Karraker v. Rent-A-Center, Inc.,* 411 F.3d 831, 837 (7th Cir. 2005)). Litigants seeking relief under Rule 60(b) are therefore required to make a strong showing in support of their motion because of the "strong presumption against the reopening of final decisions." *Powell v. Town of Georgetown,* No. 4:14-cv-4-TWP-TAB, 2018 U.S. Dist. LEXIS 112234, at *5 (E.D. Wis. July 5, 2018) (quoting *Conn. Nat'l Mortg. Co. v. Brandstatter*, 987 F.2d 883, 885 (7th Cir. 1990)).

Plaintiffs do not discuss, or even mention, any of the enumerated grounds for relief under the Federal Rules of Civil Procedure. They cite only Rule 55 which, as already mentioned, is inapplicable. Plaintiffs state that "[s]ummons in this matter was serve[d] january 2021 defendants fail to respone [sic]," that "[s]ubsequent papers file[d] by lawyers in this matter did not file a retainer," and that "defendants attorney fail to file form to practice before this court." ECF No. 60 [*sic* throughout]. They provide no other support for their motion. They have not demonstrated that theirs is an "exceptional circumstance[]" in which relief under Rule 60(b) is justified. *See Harrington*, 433 F.3d at 546.

Page 3 of 7
Case 2:20-cv-01437-JPS   Filed 09/02/22   Page 3 of 7   Document 63

Furthermore, the timeliness of Plaintiffs' motion is questionable. While it is true that Plaintiffs brought their motion within the required period of one year after entry of judgment, it is not clear that their motion was brought within a "reasonable time." Fed. R. Civ. P. 60(c). Bringing a motion for relief within one year after entry of judgment is necessary, but it is not always sufficient.

For the reasons discussed, the Court will deny Plaintiffs' purported motion for default judgment, analyzed as one for relief from a final judgment under Rule 60(b). ECF No. 60.

2.  **MOTION FOR SANCTIONS**

In addition to seeking relief from the judgment, Plaintiffs move for sanctions pursuant to both Rule 11 of the Federal Rules of Civil Procedure and Rule 3.1 of the Wisconsin Rules of Professional Conduct. ECF No. 60-1. Plaintiffs refer to "defendant[']s failure to answer plaintiff complaint," although they do not clearly specify to which Defendant that allegation applies. *Id*. They also reassert the brief allegations raised in their purported motion for default judgment, ECF No. 60, that "DEFENDANTS Attorney fail to file mandatory retainer an [*sic*] failure to file required form to practice before this court." *Id.*

Plaintiffs' motion is, overall, incomprehensible. It is not clear how the exhibits they provided, ECF No. 60-2, support their motion. Confusingly, they also appear to seek sanctions at least in part against someone they claim to be their own former attorney, Willie Nunnery. ECF No. 60-1. However, Plaintiffs proceeded pro se throughout the entirety of this action. It is not apparent why Plaintiffs are attempting to seek sanctions against this alleged former attorney in an action in which he did not represent them.

### 2.1. Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure

Rule 11(c)(2) provides that a motion for sanctions must "describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). It further states that, while the motion is to be served under Rule 5, it must not be filed or presented to the court if "the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." *Id*. In other words, before filing a motion for sanctions with the court, the moving party is to serve the motion on the party against whom sanctions are sought and allow that party 21 days to address it. This safe harbor provision exists to give an alleged violator notice and an opportunity to correct the action. *See Corley v. Rosewood Care Ctr., Inc.*, 142 F.3d 1041, 1058 (7th Cir. 1998).

Importantly, a motion for sanctions under Rule 11 cannot be brought after a case is closed. *See Ridder v. City of Springfield,* 109 F.3d 288, 295 (6th Cir. 1997). Because a Rule 11 motion cannot be made unless there is some corrective action that can be taken or something that can be withdrawn, "a party cannot wait to seek sanctions until after the contention has been judicially disposed." *Id.* The party seeking sanctions must instead serve the Rule 11 motion on the allegedly offending party "at least twenty-one days prior to conclusion of the case or judicial rejection of the offending contention." *Id*.

The Court is obliged to deny Plaintiffs' motion for sanctions under Rule 11 because the motion was impermissibly filed after judicial disposition of the case. Moreover, even if Plaintiffs had filed the motion before the case was closed, nothing here indicates that Plaintiffs complied with the safe harbor provision. This alone mandates denial of the motion

for sanctions. *See id.* ("[T]o the extent the district court intended to impose the sanction under Rule 11, it clearly abused its discretion, for . . . defendants [did not comply] with the rule's procedural requirements.").

### 2.2 Sanctions Pursuant to Rule 3.1 of the Wisconsin Rules of Professional Conduct

Plaintiffs also attempt to invoke Rule 3.1 of the Wisconsin Rules of Professional Conduct. They write: "Sanction. Violation of Rule 3.1 [W]is. Bar disciplinary action against attorney Willie Nunnery, (Former attorney of Ira R. Banks)." ECF No. 60-1 at 4. They then allege "fraud, Foreclosure of mortgage, no original file by defendants, No interest in property file in this case, no standing." *Id*. Against whom those allegations are made is not clear.

The Wisconsin Rules of Professional Conduct are applicable as having been adopted through the District's Local Rules. General L.R. 83(d)(1) ("Attorneys practicing before this Court are subject to the Wisconsin Rules of Professional Conduct for Attorneys . . . ."). However, "a federal court's authority to regulate lawyer conduct in its own cases comes from its inherent power, not from a particular state rule." *Silicon Graphics, Inc. v. Ati Techs., Inc.*, 741 F. Supp. 970, 980 (W.D. Wis. 2010). Furthermore, assuming these sanctions pursuant to Rule 3.1 are indeed sought against alleged former attorney Willie Nunnery, the Court will decline to apply sanctions against an attorney who did not even appear before the Court in this matter.

### 3. CONCLUSION

Although this action was dismissed and judgment was entered more than ten months ago, Plaintiffs continue to file motions and other submissions. For the reasons provided herein, the Court will deny Plaintiffs' most recent motions in their entirety.

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion for sanctions, ECF No. 60-1, and Plaintiffs' motion for relief from the judgment, ECF No. 60, be and the same are hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 2nd day of September, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge